UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| RANDY JAMES GRANGER,<br><br>Plaintiff,<br><br>v.<br><br>NANCY A. BERRYHILL, Acting Commissioner of Social Security,[1]<br><br>Defendant. | NO. C16-5904RSL<br><br>ORDER REVERSING AND REMANDING FOR FURTHER ADMINISTRATIVE PROCEEDINGS |

Plaintiff Randy James Granger appeals the final decision of the Commissioner of the Social Security Administration ("Commissioner"), which denied his application for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act, 42 U.S.C. §§ 401-33, after a hearing before an administrative law judge ("ALJ"). For the reasons set forth below, the Commissioner's decision is hereby REVERSED and REMANDED.

//

//

---

[1] Nancy A. Berryhill is now the Acting Commissioner of the Social Security Administration. Pursuant to Federal Rule of Civil Procedure 25(d), Nancy A. Berryhill is substituted for Carolyn W. Colvin as defendant in this suit. The Clerk is directed to update the docket, and all future filings by the parties should reflect this change.

ORDER REVERSING AND REMANDING
FOR FURTHER ADMINISTRATIVE
PROCEEDINGS  - 1

1

I. FACTS AND PROCEDURAL HISTORY

2

Plaintiff is a 54-year-old man with a tenth-grade education. Administrative Record

3

("AR") at 159, 164. His past work experience was as a truck driver. AR at 164. Plaintiff was

4

last gainfully employed in September of 2012. AR at 163.

5

Plaintiff protectively filed an application for DIB on April 24, 2013. AR at 19. Plaintiff

6

asserted that he was disabled due to bipolar disorder, depression, and diabetes. AR at 163.

7

The Commissioner denied plaintiff's claim initially and on reconsideration. AR at 19.

8

Plaintiff requested a hearing, which took place on April 15, 2015. Id. On April 17, 2015, the

9

ALJ issued a decision finding that plaintiff was not disabled based on his finding that plaintiff

10

could perform specific jobs existing in significant numbers in the national economy. AR at

11

19-29. Plaintiff's request for review by the Appeals Council was denied on August 30, 2016

12

(AR at 1-6), making the ALJ's ruling the "final decision" of the Commissioner as that term is

13

defined by 42 U.S.C. § 405(g). On October 27, 2016, plaintiff timely filed the present action

14

challenging the Commissioner's decision. Dkt. No. 1.

15

II. STANDARD OF REVIEW

16

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of

17

social security benefits when the ALJ's findings are based on legal error or not supported by

18

substantial evidence in the record as a whole. Bayliss v. Barnhart, 427 F.3d 1211, 1214 (9th

19

Cir. 2005). "Substantial evidence" is more than a scintilla, less than a preponderance, and is

20

such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.

21

Richardson v. Perales, 402 U.S. 389, 401 (1971); Magallanes v. Bowen, 881 F.2d 747, 750

22

(9th Cir. 1989). The ALJ is responsible for determining credibility, resolving conflicts in

23

medical testimony, and resolving any other ambiguities that might exist. Andrews v. Shalala,

24

ORDER REVERSING AND REMANDING
FOR FURTHER ADMINISTRATIVE
PROCEEDINGS - 2

Case 3:16-cv-05904-RSL   Document 10   Filed 04/03/17   Page 2 of 12

53 F.3d 1035, 1039 (9th Cir. 1995). While the Court is required to examine the record as a whole, it may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. Thomas v. Barnhart, 278 F.3d 947, 954 (9th Cir. 2002). When the evidence is susceptible to more than one rational interpretation, it is the Commissioner's conclusion that must be upheld. Id.

### III.   EVALUATING DISABILITY

As the claimant, Mr. Granger bears the burden of proving that he is disabled within the meaning of the Social Security Act (the "Act"). Meanel v. Apfel, 172 F.3d 1111, 1113 (9th Cir. 1999). The Act defines disability as the "inability to engage in any substantial gainful activity" due to a physical or mental impairment which has lasted, or is expected to last, for a continuous period of not less than 12 months. 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Act only if his impairments are of such severity that he is unable to do his previous work, and cannot, considering his age, education, and work experience, engage in any other substantial gainful activity existing in the national economy.  42 U.S.C. § 423(d)(2)(A); see also Tackett v. Apfel, 180 F.3d 1094, 1098-99 (9th Cir. 1999).

The Commissioner has established a five-step sequential evaluation process for determining whether a claimant is disabled within the meaning of the Act. See 20 C.F.R. § 404.1520. The claimant bears the burden of proof during steps one through four.  At step five, the burden shifts to the Commissioner. Id. If a claimant is found to be disabled at any step in the sequence, the inquiry ends without the need to consider subsequent steps. Step one asks whether the claimant is presently engaged in "substantial gainful activity." 20 C.F.R.

//

//

ORDER REVERSING AND REMANDING
FOR FURTHER ADMINISTRATIVE
PROCEEDINGS  - 3

§ 404.1520(b).[2] If he is, disability benefits are denied. If he is not, the Commissioner proceeds to step two. At step two, the claimant must establish that he has one or more medically severe impairments, or combination of impairments, that limit his physical or mental ability to do basic work activities. If the claimant does not have such impairments, he is not disabled. 20 C.F.R. § 404.1520(c). If the claimant does have a severe impairment, the Commissioner moves to step three to determine whether the impairment meets or equals any of the listed impairments described in the regulations. 20 C.F.R. § 404.1520(d). A claimant whose impairment meets or equals one of the listings for the required 12-month duration requirement is disabled. Id.

When the claimant's impairment neither meets nor equals one of the impairments listed in the regulations, the Commissioner must proceed to step four and evaluate the claimant's residual functional capacity ("RFC"). 20 C.F.R. § 404.1520(e). Here, the Commissioner evaluates the physical and mental demands of the claimant's past relevant work to determine whether he can still perform that work. 20 C.F.R. § 404.1520(f). If the claimant is able to perform his past relevant work, he is not disabled; if the opposite is true, then the burden shifts to the Commissioner at step five to show that the claimant can perform other work that exists in significant numbers in the national economy, taking into consideration the claimant's RFC, age, education, and work experience. 20 C.F.R. § 404.1520(g); Tackett, 180 F.3d at 1099, 1100. If the Commissioner finds the claimant is unable to perform other work, then the claimant is found disabled and benefits may be awarded.

---

[2] Substantial gainful activity is work activity that is both substantial, *i.e.*, involves significant physical and/or mental activities, and gainful, *i.e.*, performed for profit. 20 C.F.R. § 404.1572.

ORDER REVERSING AND REMANDING
FOR FURTHER ADMINISTRATIVE
PROCEEDINGS  - 4

## IV. DECISION BELOW

On April 17, 2015, the ALJ issued a decision finding the following:

1. The claimant has not engaged in substantial gainful activity since September 28, 2012, the alleged onset date (20 C.F.R. §§ 404.1571 *et seq*.).

2. The claimant has the following severe impairments: bipolar disorder and anxiety (20 C.F.R. § 404.1520(c)).

3. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526).

4. The claimant has the residual functional capacity to perform a full range of work at all exertional levels. He can perform simple, routine and repetitive tasks. He should not have public contact. He can have occasional coworker contact. He can perform work that does not require satisfaction of production quotas or involve assembly-line pace.

5. The claimant is unable to perform any past relevant work (20 C.F.R. § 404.1565).

6. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 C.F.R. §§ 404.1560(c) and 404.1566).

7. The claimant has not been under a disability, as defined in the Social Security Act, from September 28, 2012, through the date of the decision (20 C.F.R. § 404.1520(g)).

AR at 19-29.

## V. ISSUES ON APPEAL

The issues on appeal are:

A. Whether the ALJ erred in evaluating the medical evidence in the record.

B. Whether the ALJ erred in evaluating the lay witness testimony in the record.

C. Whether the ALJ erred in evaluating plaintiff's testimony.

ORDER REVERSING AND REMANDING
FOR FURTHER ADMINISTRATIVE
PROCEEDINGS - 5

Dkt. 7 at 1.

VI.   DISCUSSION

A.   Medical Evidence

Plaintiff argues that the ALJ erred in his evaluation of the medical evidence, specifically by failing to give a specific and legitimate reason supported by substantial evidence to discount the opinion of treating physician Kim Stoneking, M.D. See Dkt. 7 at 3-6. The Court agrees.

The ALJ is responsible for determining credibility and resolving ambiguities and conflicts in the medical evidence. See Reddick v. Chater, 157 F.3d 715, 722 (9th Cir. 1998). Where the medical evidence in the record is not conclusive, "questions of credibility and resolution of conflicts" are solely the functions of the ALJ. Sample v. Schweiker, 694 F.2d 639, 642 (9th Cir. 1982). In such cases, "the ALJ's conclusion must be upheld." Morgan v. Comm'r, Soc. Sec. Admin., 169 F.3d 595, 601 (9th Cir. 1999). Determining whether inconsistencies in the medical evidence "are material (or are in fact inconsistencies at all) and whether certain factors are relevant to discount" the opinions of medical experts "falls within this responsibility." Id. at 603.

In resolving questions of credibility and conflicts in the evidence, an ALJ's findings "must be supported by specific, cogent reasons." Reddick, 157 F.3d at 725. The ALJ can do this "by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." Id. The ALJ must provide "clear and convincing" reasons for rejecting the uncontradicted opinion of a treating physician. Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 1996). Even when a treating physician's opinion is contradicted, that opinion "can only be rejected for specific and legitimate reasons that are

ORDER REVERSING AND REMANDING
FOR FURTHER ADMINISTRATIVE
PROCEEDINGS - 6

supported by substantial evidence in the record." Id. at 830-31. In general, more weight is given to a treating physician's opinion than to the opinions of those who do not treat the claimant. Id. at 830.

Here, treating physician Dr. Stoneking completed two medical source assessments of plaintiff, one in September of 2013 and one in April of 2015, in which he opined that plaintiff would have noticeable difficulty for more than 20 percent of the workday or workweek performing several cognitive and social workplace functions. See AR at 297-98, 379-80. Dr. Stoneking opined that plaintiff would be impaired to that degree when having a manic episode, which Dr. Stoneking said can flare up at any time, even when plaintiff is on medication. See id. The ALJ gave Dr. Stoneking's assessments little weight because:

> they are conclusory, providing very little explanation of the evidence relied on in forming that opinion. Furthermore, the doctor is a physician and his opinion rests on an assessment of an impairment (i.e., bipolar disorder) outside the doctor's area of expertise. In addition, the opinion is inconsistent with the clinical findings and opinion of Dr. Aleshire.

AR at 27 (internal citations omitted).[3] None of these reasons is specific, legitimate, and supported by substantial evidence.

First, substantial evidence does not support the ALJ's finding that Dr. Stoneking provided little explanation for his opinion. While Dr. Stoneking's medical source assessment forms did not contain explanation for the functional limitations to which he opined, the record also contains Dr. Stoneking's progress notes and lab reports from years of treating plaintiff. See AR at 261-82, 346-78. These reports contain clinical findings and test results that describe

---

[3] The ALJ also discounted Dr. Stoneking's opinion that plaintiff was unable to work because whether a claimant is disabled is a legal conclusion reserved for the Commissioner. See AR at 27. While this reason is sufficient to discount Dr. Stoneking's ultimate opinion regarding whether plaintiff can work, it is not applicable to the specific workplace limitations to which Dr. Stoneking opined.

ORDER REVERSING AND REMANDING
FOR FURTHER ADMINISTRATIVE
PROCEEDINGS - 7

the uncertainty of plaintiff's manic episodes and the symptoms he experiences during the episodes, providing a detailed explanation for Dr. Stoneking's assessments of plaintiff's functional limitations. See id.

Next, the ALJ found that Dr. Stoneking's opinion was outside his area of expertise, a finding that the Commissioner concedes is not a sufficient basis for discounting Dr. Stoneking's opinion in this case. See Dkt. 8 at 6.

Finally, the ALJ found that Dr. Stoneking's opinion was inconsistent with the clinical findings and opinion of an examining physician. See AR at 27. That Dr. Stoneking's opinion was inconsistent with another opinion is what triggers the need for a specific and legitimate reason to discount Dr. Stoneking's opinion; the inconsistency itself is not a sufficient reason. See Lester, 81 F.3d at 830-31. Furthermore, any inconsistency between Dr. Stoneking's opinion and the examining physician's clinical findings is explained by Dr. Stoneking's qualification that his opinion applies to plaintiff's abilities during a manic episode. See AR at 298. According to the Commissioner's regulations, "we give more weight to opinions from your treating sources, since these sources are likely to be the medical professionals most able to provide a detailed, longitudinal picture of your medical impairment(s) and may bring a unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone or from reports of individual examinations, such as consultative examinations or brief hospitalizations." See 20 C.F.R. § 404.1527(d)(2). Therefore, inconsistent clinical findings in a one-time consultative examination are not a legitimate reason to discount plaintiff's treating physician's opinion here. The ALJ erred by failing to provide a specific and legitimate reason supported by substantial evidence to discount Dr. Stoneking's opinion.

//

1    "[H]armless error principles apply in the Social Security context." Molina v. Astrue,
2    674 F.3d 1104, 1115 (9th Cir. 2012). An error is harmless, however, only if it is not prejudicial
3    to the claimant or "inconsequential" to the ALJ's "ultimate nondisability determination." Stout
4    v. Comm'r, Soc. Sec. Admin., 454 F.3d 1050, 1055 (9th Cir. 2006); see Molina, 674 F.3d at
5    1115. The determination as to whether an error is harmless requires a "case-specific
6    application of judgment" by the reviewing court, based on an examination of the record made
7    "'without regard to errors' that do not affect the parties' 'substantial rights.'" Molina, 674 F.3d
8    at 1118-19 (quoting Shinseki v. Sanders, 556 U.S. 396, 407 (2009)). Had the ALJ fully
9    incorporated Dr. Stoneking's opinion, the RFC would have included additional limitations, as
10   would the hypothetical questions posed to the vocational expert. Therefore, the ALJ's error
11   affected the ultimate disability determination and is not harmless.

12         B.     Lay Witness Testimony

13   Plaintiff argues that the ALJ erred in evaluating the lay witness testimony of plaintiff's
14   wife, Tara Granger. See Dkt. 7 at 6-8. The Court agrees.

15   Lay testimony regarding a claimant's symptoms "is competent evidence that an ALJ
16   must take into account," unless the ALJ "expressly determines to disregard such testimony and
17   gives reasons germane to each witness for doing so." Lewis v. Apfel, 236 F.3d 503, 511 (9th
18   Cir. 2001). The ALJ also may "draw inferences logically flowing from the evidence." Sample,
19   694 F.2d at 642.

20   Here, the ALJ rejected Ms. Granger's testimony because the medical evidence did not
21   support greater limitations than those in the RFC. See AR at 27. An ALJ may discount lay
22   testimony if it conflicts with the medical evidence. See Lewis, 236 F.3d at 511. However, the
23   Ninth Circuit more recently found that a claimant's wife's testimony could not be discredited
24

ORDER REVERSING AND REMANDING
FOR FURTHER ADMINISTRATIVE
PROCEEDINGS  - 9

"as not supported by medical evidence in the record." See Bruce v. Astrue, 557 F.3d 1113, 1116 (9th Cir. 2009). In so holding, the Ninth Circuit relied on its prior decision in Smolen v. Chater, 80 F.3d 1273 (9th Cir. 1996), which held that the ALJ improperly rejected the testimony of the claimant's family on the basis that medical records did not corroborate the claimant's symptoms, because in so doing, the ALJ violated the Commissioner's directive "to consider the testimony of lay witnesses where the claimant's alleged symptoms are *unsupported* by her medical records." Bruce, 557 F.3d at 1116 (citing Smolen, 80 F.3d at 1289) (emphasis in original). Therefore, the ALJ here likewise erred in evaluating Ms. Granger's testimony.

      C.     Plaintiff's Testimony

Plaintiff argues that the ALJ erred by discounting plaintiff's subjective complaints. See Dkt. 7 at 8-11. The Court disagrees.

Questions of credibility are solely within the control of the ALJ. See Sample, 694 F.2d at 642. The Court should not "second-guess" this credibility determination. Allen v. Heckler, 749 F.2d 577, 580 (9th Cir. 1984). In addition, the Court may not reverse a credibility determination where that determination is based on contradictory or ambiguous evidence. See id. at 579. To reject a claimant's subjective complaints, the ALJ must provide "specific, cogent reasons for the disbelief." Lester, 81 F.3d at 834 (citation omitted). The ALJ "must identify what testimony is not credible and what evidence undermines the claimant's complaints." Id.; see also Dodrill v. Shalala, 12 F.3d 915, 918 (9th Cir. 1993). Unless affirmative evidence shows the claimant is malingering, the ALJ's reasons for rejecting the claimant's testimony must be "clear and convincing." Lester, 81 F.2d at 834. That some of the reasons for discrediting a claimant's testimony should properly be discounted does not render the ALJ's

ORDER REVERSING AND REMANDING
FOR FURTHER ADMINISTRATIVE
PROCEEDINGS - 10

determination invalid, as long as that determination is supported by substantial evidence. See Tonapetyan v. Halter, 242 F.3d 1144, 1148 (9th Cir. 2001).

Here, the ALJ discounted plaintiff's subjective complaints because, among other reasons, plaintiff's activities were inconsistent with the severity of his complaints. See AR at 26. The Ninth Circuit has recognized that an ALJ may use a claimant's activities to form the basis of an adverse credibility determination if they "contradict his other testimony." Orn v. Astrue, 495 F.3d 625, 639 (9th Cir. 2007). Plaintiff alleged that "any kind of stress" would cause severe manic episodes. See AR at 201. He stated that his impairments affected his memory, understanding, concentration, and ability to follow instructions at all times. See AR at 206. He also testified that he had trouble getting along with others and spending time in crowds. See AR at 45-46. The ALJ found these allegations inconsistent with reports that plaintiff cared for his children and pets, performed house and yard work, shopped and handled funds, worked on a computer, worked on cars, went out to lunch with his wife, and visited the beach and the fair. See AR at 202-05, 285, 287. Therefore, the ALJ provided a clear and convincing reason supported by substantial evidence to discount plaintiff's subjective complaints.

### D.     Scope of Remand

The Court may remand this case "either for additional evidence and findings or to award benefits." Smolen, 80 F.3d at 1292. Generally, when the Court reverses an ALJ's decision, "the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation." Benecke v. Barnhart, 379 F.3d 587, 595 (9th Cir. 2004) (citations omitted). Thus, it is "the unusual case in which it is clear from the record that

the claimant is unable to perform gainful employment in the national economy," that "remand for an immediate award of benefits is appropriate." Id.

Benefits may be awarded where "the record has been fully developed" and "further administrative proceedings would serve no useful purpose." Smolen, 80 F.3d at 1292; Holohan v. Massanari, 246 F.3d 1195, 1210 (9th Cir. 2001). Specifically, benefits should be awarded where:

> (1) the ALJ has failed to provide legally sufficient reasons for rejecting [the claimant's] evidence, (2) there are no outstanding issues that must be resolved before a determination of disability can be made, and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited.

Smolen, 80 F.3d 1273 at 1292; McCartey v. Massanari, 298 F.3d 1072, 1076-77 (9th Cir. 2002). Here, issues still remain regarding conflicts in the evidence about plaintiff's functional capabilities and his ability to perform other jobs existing in significant numbers in the national economy despite any additional limitations. Accordingly, remand for further consideration is warranted in this matter.

## VII.   CONCLUSION

For the foregoing reasons, the Court finds that the ALJ erred in evaluating the medical evidence and the lay witness testimony in the record. The decision of the Commissioner is REVERSED, and this matter is REMANDED for further proceedings not inconsistent with this Order.

Dated this 3rd day of April, 2017.

*/s/ Robert S. Lasnik*
Robert S. Lasnik
United States District Judge

ORDER REVERSING AND REMANDING
FOR FURTHER ADMINISTRATIVE
PROCEEDINGS  - 12